The Commonwealth *against* SPRENGER and others.

Philadelphia,
Saturday,
December 26.

ON a former day, *Dallas* and *Ingersoll* on behalf of
O'*Ellers* and others as relators, obtained a rule to
shew cause why an information in the nature of a *quo war-*
*ranto* should not be filed against the defendants, to enquire
by what authority they claimed to exercise the office of Lay
Trustees of the Corporation of the *German* Religious So-
ciety of *Roman* Catholics of the Holy Trinity Church &c.
Upon the return of that rule, the defendants appeared by
counsel, and shewed cause; and the names of the same coun-
sel were marked upon the docket opposite to the names of
the defendants.

When leave is
granted to file
an information
in the nature of
a *quo warranto*,
the defendants
must be sum-
moned by a
*venire*, or sub-
*pœna;* and if they
fail to appear,
must be brought
in by *distringas*
or *attachment.*
An appearance
upon the previ-
ous rule to shew
cause, does not
put them in
court as to the
information; and
therefore upon
filing the infor-
mation, the rela-
tors are not enti-
tled to a rule to
plead.

The Court being of opinion that sufficient cause had not
been shewn, made the rule absolute on the 24th instant; and
on this day, the information being filed, they were asked for
a rule upon the defendants to plead in six hours, unless they
would consent at all events to try by the next general jury
in *January*, and then the rule to plead might be returnable
on any previous day.

*Binney* and *Hopkinson*, who had been counsel for the de-
fendants upon the rule to shew cause, declined consenting
to try, and denied the authority of the Court to grant the
rule, as the defendants were not in court.

1812.

COMMON-
WEALTH
*v.*
SPRENGER
et al.

*Dallas* and *Ingersoll contra*, contended that they were already in court by appearance upon the rule to shew cause; and suggested that unless the rule to plead was granted, the office, which was annual, would expire before judgment could be obtained in the information. The *British* statute 9th *Ann. c.* 20, not being adopted in this state, it was essential to the administration of justice, that the Court should lend their aid to the relators in the manner proposed.

The counsel who argued the rule for the defendants, denied that they had ever appeared to this information, or that they had ever performed any duty as attorneys in the case, for until the information was filed, there could be no appearance by attorney to it. The former proceeding was simply an application for leave to institute the suit, the first step in which was the information. They said it was essential to issue a *venire* or subpœna; and if the defendants would not then appear, to bring them in by *distringas* or attachment; and for this they referred the Court to 2 *Kyd on Corp.* 404. 438, 439., 1 *Sid.* 86., 3 *Bac. Abr.* 646, *Informations, D.*

PER CURIAM. There certainly are inconveniences arising from delay in a case of this kind; but we must not permit ourselves to overthrow well established principles of law, to facilitate a particular suit. The defendants are not in court in this suit. The rule to shew cause was intended to obtain leave to institute the action. It is now commenced by the information. The relators must proceed by *venire* to the next term.

                                        Motion denied.