## William L. Hambleton
*v.*
## The People of the State of Illinois *ex rel.* Levi Young.

1. QUO WARRANTO — *in a proceeding by — when jurisdiction over defendant not acquired.* Leave was granted a party to file an information in the nature of a *quo warranto*, notice of which was given the defendant, but without *further process.* A rule was entered requiring the defendant to plead, which he failed to do; and, proof of the service of the copy of the same upon him being made, his default was taken, and the court pronounced judgment of ouster against him. *Held,* that the court acquired no jurisdiction to enter the rule and render the judgment.

2. SAME — *jurisdiction — how acquired.* After leave given to a party to file an information in the nature of a *quo warranto,* the court can only acquire jurisdiction by service of a writ, under seal of the court, and running in the name of the people of the State of Illinois, or by voluntary appearance of the defendant. This was the practice under the statute of Anne, from which ours does not substantially differ.

APPEAL from the Circuit Court of Pulaski county; the Hon. John Olney, Judge, presiding.

The opinion states the case.

Messrs. Mulkey, Wall & Wheeler, and D. F. Linegar, for the appellant.

Mr. D. W. Munn, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an information in the nature of a *quo warranto* against the appellant, in which the Circuit Court rendered judgment of ouster on default, and the question made upon the record is, whether the court had jurisdiction. Notice of the intended application for leave to file the information was given to the defendant by the attorneys of the relator, but he did not appear to such notice. The leave was given, and, at the same time, without further process, a rule was entered requiring the defendant to plead. This rule was not served, but at a subsequent term another rule to plead was entered, and, upon the affidavit of the relator that he had served a copy of that rule, as certified by the clerk, upon the defendant, the judgment of ouster was pronounced.

It is very clear the court had no jurisdiction to enter the rule to plead and pronounce judgment for non-compliance therewith. At the time this rule was entered, the defendant had never been brought into court, nor even had an informal notice that a suit was pending against him. He had merely received a notice, signed by the attorneys of a private person, of the intention of that person to ask leave of the court to commence legal proceedings against him in the name of the people. Whether such intention had been carried into effect, or whether the court had granted the leave, the defendant had no knowledge. But even if he had been notified, informally, of the pendency of the suit, as he was after the entry of the rule, and before the rendition of final judgment, the court would have still been without jurisdiction. That could have been acquired only by service of a writ under the seal of the court, and running in the name of the people of the State of Illinois, or by the voluntary appearance of the defendant; and, when the information was filed, such a writ should have issued returnable on some day of that term. This was the practice under the statute of Anne, from which ours does not substantially differ. Cole on Informations, 200 ; *Commonwealth* v. *Springer*, 5 Binn. 353.

                                             *Judgment reversed.*